UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEROD K. CROSBY,

                               Plaintiff,

        v.

C.O. WURSTER, et al.,

                               Defendants.
_____

DECISION & ORDER

18-CV-6282CJS

        *Pro se* plaintiff Jerod K. Crosby ("plaintiff") has filed suit pursuant to 42 U.S.C. § 1983 against the defendants alleging claims of assault under the Eighth Amendment during his confinement at Wende Correctional Facility. (Docket # 1). Two motions for appointment of counsel are pending before the court, the first filed on June 13, 2018, and the second on April 1, 2019. (Docket ## 5, 19).

## Motion for Appointment of Counsel

        It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether to assign counsel include the following:

        1.    Whether the indigent's claims seem likely to be of substance;

> 2. Whether the indigent is able to investigate the crucial facts concerning his claim;
>
> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider carefully the issue of appointment of counsel because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate some likelihood of success on the merits, which plaintiff has not done at this stage. Consideration of the nature of

the factual and legal issues involved in this case, as well as plaintiff's ability to present his claims, also weighs against appointment of counsel. Nor do the legal issues in this case appear to be complex.

To date, plaintiff has drafted a complaint and sends regular correspondence to the Court and counsel regarding his case. (Docket ## 1, 10, 11, 16, 20). Plaintiff's conduct in prosecuting this matter strongly suggests that he is capable of understanding and handling the litigation, contrary to his claims in the pending motions. *See McLean v. Johnson*, 2017 WL 4157393, *1 (W.D.N.Y. 2017) (incarceration alone does not warrant the appointment of counsel). Finally, plaintiff's case does not present any special reasons justifying the assignment of counsel. While plaintiff states he has been diagnosed with a mental health condition, he has not explained how his condition would impede his ability to continue this action. Plaintiff's conclusory assertion that he suffers from a serious mental health condition, standing alone, does not warrant appointment of counsel. *See Perez v. Cty. of Monroe*, 2012 WL 4052470, *2 (W.D.N.Y. 2012) (denying appointment of counsel where *pro se* plaintiff was "capable of prosecuting his case" and "equipped to understand the litigation process" despite "mental health disabilities"); *Lewis v. Turco*, 2010 WL 2287509, *1 (W.D.N.Y. 2010) (appointment of counsel denied where *pro se* plaintiff had not demonstrated that mental health issues would hinder his ability to litigate his claims); *Byng v. Campbell*, 2008 WL 4662349, *6 (N.D.N.Y. 2008) (denying appointment of counsel where *pro se* plaintiff was "able effectively to litigate" his claims notwithstanding various "medical and mental health issues").

On this record, plaintiff's requests for the appointment of counsel **(Docket ## 5, 19)** are **DENIED without prejudice** at this time. It is plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
April 22, 2019